USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-27-14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

WALTER PACHECO,

             Plaintiff,

   -against-

PARK SOUTH HOTEL, LLC,

             Defendant.

------------------------------------------------------------x

12 Civ. 9127 (PAC)

OPINION AND ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

On April 5, 2013, Plaintiff Walter Pacheco ("Pacheco") filed an amended complaint against his former employer, Defendant Park South Hotel, LLC ("Park South") alleging age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 623, and New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*, and disability discrimination under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12101 *et seq.*, and NYCHRL. Pacheco claims that Park South failed to accommodate his back disability, retaliated against him by terminating him and not rehiring him, and discriminated against him by failing to rehire him. Park South moves to dismiss the complaint for failure to state a claim and for being untimely. Park South's motion is DENIED.

## BACKGROUND

On September 15, 2001, Pacheco began working as a houseman at Park South, where he performed a variety of cleaning, maintenance, and customer service duties in and around the hotel. (First Amended Complaint ("Compl.") ¶¶ 8-9.) Pacheco was qualified for this position and performed the duties satisfactorily. (*Id.* ¶¶ 11-13.)

1

Pacheco worked in two shifts: the 8AM to 4PM ("early shift") in the summer and the 2PM to 10PM ("late shift") in the winter. (*Id.* ¶ 9.) During the early shift (8AM to 4PM), Pacheco's general duties included "breakfast/restaurant, conference breaks, and finish lower floors/boxes." (*Id.* ¶ 10.) Pacheco also performed additional, "onerous tasks" such as sweeping the sidewalks, shampooing the carpet, washing the windows, and sweeping the stairs. (*Id.* ¶ 10.) Pacheco was the only houseman required to perform these tasks on the early shift. During the late shift, Pacheco's general duties included cleaning public areas, polishing all brass, and removing heavy bags of garbage. (*Id.* ¶ 10.)

From the start of his employment, Pacheco suffered from chronic low back problems for which he received regular medical treatment. (*Id.* ¶ 18.) Pacheco regularly and repeatedly complained to his supervisor Jacob Taft ("Taft") and the Park South's general manager Marcello Munoz ("Munoz") about his back problems and requested to be assigned to less strenuous tasks but they denied his requests. (*Id.* ¶ 20.) Pacheco's primary care physician, Dr. Ariel Rodriguez ("Dr. Rodriguez"), and neurologist, Dr. Dmitriy Grinshpun ("Dr. Grinshpun"), advised Park South that Pacheco should not perform strenuous work. (*Id.* ¶ 21.)

On November 18, 2008, Park South terminated Pacheco and stated that it was for non-performance reasons. (*Id.* ¶ 25.) At the time, Pacheco was the oldest houseman at 54 years old. (*Id.* ¶ 27.) A co-worker named Victor, who was approximately 40 years old, replaced Pacheco on the late shift. (*Id.* ¶ 29.) After Victor moved to a new position, a new worker in his late 20s or early 30s filled the position. (*Id.*)

On March 18, 2009, Pacheco filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of national origin and disability ("first EEOC charge"). (*Id.* ¶ 6; *see* Declaration of Matthew L. Levine ("Levine

2

Decl."), Ex. 1.) In its submission to the EEOC, Park South claimed that Pacheco was laid off and that his shift was eliminated as a result of declining business. (Compl. ¶ 28.) Park South further claimed that it intended to re-hire laid off workers, like Pacheco, when the need arose. (*Id.* ¶ 30.) On September 4, 2009, Pacheco requested that Munoz re-hire him and noted that Victor filled his former position. (*Id.* ¶ 31.) Park South responded that the hotel could not re-hire Pacheco because his position was eliminated. (*Id.*)

On January 14, 2010, Pacheco amended his charge with the EEOC to add age discrimination claims ("second EEOC charge"). (*Id.* ¶ 6; *see* Levine Decl., Ex. 2.) On April 27, 2012, the EEOC held:

> [I]t is more likely than not that Respondent discriminated against [Pacheco] based on his age, 57. [Pacheco]'s credible testimony and his September 4, 2009 letter to [Park South] establish that he continuously contacted [Park South] seeking to return to work. [Park South] alleges that as a result of the economic downturn and re-organization of the housekeeping department, [Pacheco]'s position remained eliminated. However, documentary evidence shows that [Park South] hired new and younger employees in the position of houseman during the months of August, September and October of 2009 and the months of January, May and August of 2010. Credible witness testimony supports that new and younger employees were hired to do the same assignments that [Pacheco] performed. Even though [Park South] had vacancies and even though [Pacheco] called to be reinstated, [Park South] did not consider [Pacheco] for rehire and did hire younger employees during the same period.

(Compl. ¶ 32.) Pacheco received a Notice of Right to Sue from the EEOC on September 19, 2012. (*Id.* ¶ 6.) On December 14, 2012, Pacheco filed his complaint with this Court.

## DISCUSSION

### I. Pacheco Has Stated a Claim under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) requires Plaintiff to "provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)

3

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must allege "'enough facts to state a claim to relief that is plausible on its face.'" *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true all well-pleaded factual allegations and draws all inferences in Plaintiff's favor. *See Allaire Corp. v. Okumus*, 433 F.3d 248, 249-50 (2d Cir. 2006). In evaluating a motion to dismiss, the Court "may consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference . . . and documents possessed by or known to the plaintiff and upon which [she] relied in bringing the suit." *ATSI*, 493 F.3d at 98.

### A. Failure to Accommodate Claim

Count One alleges that Park South failed to accommodate Pacheco's back disability despite his regular and repeated requests for accommodation under the NYCHRL. For a failure to accommodate claim, Plaintiff must allege (1) that he is a person with a disability within the meaning of the NYCHRL; (2) a covered employer had notice of the disability; (3) with reasonable accommodations, he could perform the essential functions of the job; and (4) the employer refused to make such accommodations. *See Benimovich v. Fieldston Operating LLC*, No. 11 Civ. 780, 2013 WL 1189480, at *8 (S.D.N.Y. Mar. 22, 2013). Park South contends that Count One is deficient solely because Pacheco has not pled facts to establish that he could perform the essential duties of the houseman position with reasonable accommodations. (*See* Def.'s Mot. at 26-27.) This argument is rejected. Although Pacheco's doctors recommended that he not perform strenuous work, (Compl. ¶ 21), Pacheco also alleges that he worked as a

4

houseman for approximately seven years, (*id.* ¶ 8), performed the duties satisfactorily, (*id.* ¶ 12), and was viewed as a "good worker," (*id.* ¶ 13.) Since the Court must accept these allegations as true and draw all reasonable inferences in Pacheco's favor, *see Allaire Corp.*, 433 F.3d at 249-50, Pacheco has stated a claim for failure to accommodate under the NYCHRL.

### B. Retaliation Claims

Pacheco states a claim for retaliation under the ADEA, ADA, and NYCHRL. To establish a *prima facie* case of retaliation, a plaintiff must show that: (1) he engaged in a protected activity; (2) the employer was aware of this activity; (3) the employer took adverse employment action against the plaintiff; and (4) a causal connection exists between the adverse action and the protected activity. *See Fattoruso v. Hilton Grand Vacations Co.*, 525 Fed. Appx. 26, 27 (2d Cir. 2013) (NYCHRL claims); *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010) (ADEA claims); *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (ADA claims). Courts should review NYCHRL claims "'independently from and more liberally' than their federal counterparts." *Weiss v. JPMorgan Chase & Co.*, No. 06 Civ. 4402, 2010 WL 114248 (S.D.N.Y. Jan. 13, 2010) (quoting *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009)).

#### 1. Counts Two and Three

Counts Two and Three of the complaint allege that Park South violated the ADA and NYCHRL by terminating Pacheco in retaliation for his regular and repeated requests for a reasonable accommodation for his back problems. As a preliminary matter, Park South argues that these counts are "defective as a matter of law" because a failure to accommodate cannot be "bootstrapped" into a disability retaliation claim. (*See* Def.'s Mot. at 19-20.) In support, Park South cites *Missick v. City of New York*, 707 F. Supp. 2d 336 (E.D.N.Y. 2010), where the court

5

held that an employer's failure to accommodate plaintiff's disability could not constitute retaliation. *Id.* at 356-57. Pacheco, however, alleges that Park South retaliated by terminating him, which "indisputably constitutes an 'adverse employment action' under the relevant federal and state statutes." *See Guzman v. News Corp.*, No. 09 Civ. 09323, 2013 WL 5807058, at *21 n.7 (S.D.N.Y. Oct. 28, 2013) (quoting *Galabaya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000)).

Pacheco's requests for accommodation constitute protected activity under the ADA and NYCHRL. To be engaged in protected activity, a plaintiff must possess a "good faith, reasonable belief" that he is disabled. *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 159 (2d Cir. 1999) (internal quotations and citation omitted). According to Park South, Pacheco "must offer specific allegations on this point." (*See* Def.'s Mot. at 20.) But that is not the standard. Pacheco has alleged that he suffered from low back problems, (*see* Compl. ¶¶ 19-22,) and that he had "reasonably and in good faith believed" he was disabled, (*see id.* ¶¶ 45, 53.) These allegations raise a plausible claim to relief, *see Starr*, 592 F.3d at 321, and are therefore sufficient to overcome a motion to dismiss.

The complaint also alleges facts demonstrating a causal connection between Pacheco's termination and the protected activity alleged. "The causal connection needed for proof of a retaliation claim can be established indirectly by showing that the protected activity was closely followed in time by the adverse action." *Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 217 (2d Cir. 2001) (internal quotation omitted). To be close in time, the adverse activity must generally have occurred within two months of the protected activity. *See Parada v. Banco Indus. de Venezuela, C.A.*, No. 10 Civ. 0883, 2011 WL 519295, at *8 (S.D.N.Y. Feb. 15, 2011). Here, Pacheco alleges that he was "terminated less than one month following his most recent complaints to

management." (Compl. ¶ 26.) Whether this allegation is "constructed from whole cloth," (*see* Def.'s Mot. at 20-21), is a question for later consideration, but not on a motion to dismiss. Pacheco has adequately pled a causal connection between his termination and his requests for accommodation.

As to Count Three, Park South argues that relief is unavailable because the ADA does not authorize monetary damages for retaliation claims. (*See* Def.'s Mot. at 22.) Courts within this circuit are divided on the question. *Compare Infantolino v. Joint Indus. Bd. of Elec. Indus.*, 582 F. Supp. 2d 351, 364 (E.D.N.Y. 2008) (holding that compensatory and punitive damages are not available pursuant to the anti-retaliation provisions of the ADA), *with Edwards v. Brookhaven Sci. Assocs.*, 390 F. Supp. 2d 225, 236 (E.D.N.Y. 2005) (holding that compensatory damages may be awarded on retaliation claims under the ADA). While the Second Circuit has not addressed the issue, it has affirmed an award of compensatory damages in an ADA retaliation case. *See Muller v. Costello*, 187 F.3d 298 (2d Cir. 1999). At this early stage of the case, however, it is unnecessary to decide the issue.

Park South does not contest the remaining elements. Accordingly, the Court holds that Counts Two and Three state a claim for relief.

    2.    **Counts Six and Seven**

Counts Six and Seven of the complaint allege that Park South violated the ADA and NYCHRL by failing to rehire Pacheco in retaliation for filing the first EEOC charge and instead hiring other workers for the same position. According to Park South, a plaintiff must allege that an employer was seeking applicants at the time of reapplication in order to establish a claim based on an employer's failure to rehire. (*See* Def.'s Mot. 23.) Park South relies solely on *Brennan v. Metro. Opera Assoc., Inc.*, 192 F.3d 310 (2d Cir. 1999). But *Brennan* is not relevant.

7

The *Brennan* court discussed, but did not decide, whether a seasonal employee could be considered "replaced" by a new and younger worker. *Id.* at 316-17. Furthermore, even if Pacheco was required to establish that Park South was seeking applicants, he has done so by alleging that the hotel hired new and younger employees in the position of houseman. (Compl. ¶¶ 29, 32.) As a result, Park South's argument is rejected.

Park South also argues that Pacheco cannot establish a causal connection for counts six and seven because there was a "six-month span between the alleged protected activity and adverse employment action." (*See* Def.'s Mot. at 23.) An adverse action can be retaliatory in nature despite an extended time period between the adverse act and protected activity if the employer took action when it had the first opportunity to do so. *See, e.g., Grant v. Bethlehem Steel Corp.*, 622 F.2d 43, 45-46 (2d Cir. 1980) (finding causation despite eight-month lapse); *McKenzie v. Nicholson*, No. 08-cv-0773, 2009 WL 179253, at *5 & n.5 (E.D.N.Y. Jan. 26, 2009) (holding that causation could be established despite thirteen-month time gap). Although almost six months passed between Pacheco's filing of the first EEOC charge and Park South's first rehiring of workers, discovery may show that Park South could not locate workers to fill Pacheco's position during that time. Given this possibility, and at least for this time, Pacheco alleges a "plausible" claim for retaliation based on Park South's failure to rehire. *See* McKenzie, 2009 WL 179253, at *5 n.5 (holding that the question whether a thirteen-month gap is too long is better decided at "a later stage in the proceedings when fact discovery has been conducted").

Park South's remaining arguments are identical to those rejected above. As a result, the Court holds that Counts Six and Seven state a claim for relief.

### 3. Counts Eight and Nine

Counts Eight and Nine of the complaint allege that Park South violated the ADEA and NYCHRL by failing to rehire Pacheco in retaliation for filing the second EEOC charge. The only contested issue is whether these counts sufficiently allege a causal connection between the protected activity and the retaliatory actions. Park South claims that its refusal to rehire Pacheco—the alleged retaliatory act—occurred before Pacheco filed the second EEOC charge on January 14, 2010. (*See* Def.'s Mot. at 16-18.) Because Pacheco has put the "proverbial cart before the horse," the argument goes that he cannot logically allege a causal connection. (*See id.* at 17.) But Park South overlooks a relevant allegation: the EEOC finding that Park South hired new and younger employees to fill Pacheco's position during the months of January, May, and August 2010.[1] (Compl. ¶ 32.) Since this occurred immediately after Pacheco filed his second EEOC charge, Pacheco sufficiently alleged a causal connection and therefore established a right to relief on Counts Eight and Nine.

### C. Discrimination Claims

Counts Four and Five allege that Park South violated the ADEA and NYCHRL by failing to rehire Pacheco because of his age despite hiring and rehiring younger workers for the same position. "In order to establish a prima facie case of age discrimination, [a plaintiff] must show (1) that she was within the protected age group, (2) that she was qualified for the position, (3) that she experienced adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination." *Gorzynski*, 596 F.3d at 107 (ADEA

---

[1] Park South claims that Pacheco is not permitted to rely on "conclusions set forth by the EEOC" because they "are not facts." (*See* Defendant's Reply Memorandum in Support of Motion to Dismiss at 6.) While it is possible that Pacheco may not present these conclusions to a jury, *see Parrish v. Sollecito*, 280 F. Supp. 2d 145, 166 (S.D.N.Y. 2003), he certainly may rely on them to form the basis of his complaint.

9

claims); *see Mingguo Cho v. City of New York*, No. 12-4283-cv, 2013 WL 6570611, at *2 (2d Cir. Dec. 16, 2013) (NYCHRL claims).

Park South claims that Pacheco fails to "allege facts sufficient to give rise to an inference of discrimination" because he offers no facts to support the age difference between Pacheco and the new workers. (*See* Def.'s Mot. at 24-25.) But the complaint alleges that Pacheco was replaced by a co-worker who was "approximately forty years old at the time" and eventually by a new worker "in his late 20s or early 30s." (Compl. ¶ 29.) Fifteen-year and twenty-five year age differences are sufficient to establish a prima facie case of age discrimination. *See, e.g., Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 102 (2d Cir. 2001) (holding that a 22-year age difference was sufficient to support an inference of discrimination).

Similarly, Park South argues that the complaint does not give rise to an inference of discrimination because it does not allege "actual knowledge" of the age differences. (*See* Def.'s Mot at 25.) This argument is without merit. We are dealing with pleadings here, not proof at trial. In any event, direct proof of knowledge is not required, and a defendant's knowledge may be inferred from the totality of circumstantial evidence. *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 78 n.8 (2d Cir. 2005). For example, "in the majority of age discrimination cases, a defendant employer's knowledge of a plaintiff's age will be undisputed because employers routinely maintain employee age information in their personnel files or are generally aware of employees' relative ages from personal on-the-job contact." *Id.* at 80. Here, Park South's knowledge of the age disparities can be inferred from the circumstances: Park South likely knew its employees' ages from their personnel files, and certainly met with new workers before hiring them. Thus, "the usual circumstances indicating . . . defendant's awareness of a plaintiff's age relative to that of her replacement" are present and give rise to an inference of discrimination. *See id.*

10

Park South's remaining arguments are identical to those previously rejected. As a result, the Court holds that Pacheco states a claim for discrimination.

## II. Pacheco's Age Discrimination Claims Are Timely

Park South argues that Pacheco's age discrimination claims are time barred. (See Def.'s Mot. at 13-15.) To be timely under the ADEA, a plaintiff must have filed discrimination claims with the EEOC within 300 days of an alleged discriminatory act. *See Hoffman v. Williamsville Sch. Dist.*, 443 Fed. Appx. 647, 649 (2d Cir. 2011). But a plaintiff cannot refashion an untimely termination claim as a failure-to-rehire claim by basing its claim "on the same alleged conduct underlying [the] other untimely claims." *See Riddle v. Citigroup*, 449 Fed. Appx. 66, 71 (2d Cir. 2011). Instead, a plaintiff must allege a "'new and discrete act of discrimination in the refusal to rehire itself.'" *Id.* (quoting *Burnam v. Amoco Container Co.*, 755 F.2d 893, 894 (11th Cir. 1985)). Here, Pacheco filed the second EEOC charge on January 14, 2010, (*see* Levine Decl., Ex. 2.), and therefore must allege a discriminatory act that occurred after March 20, 2009. Although Park South's refusals to rehire Pacheco are not new discriminatory acts, (*see* Def.'s Mot. at 13-14), Park South's hiring of new and younger employees in Pacheco's position starting in August 2009 constitutes a new act of discrimination. *See EEOC v. City of Norfolk Police Dept.*, 45 F.3d 80, 85 (4th Cir. 1995) (holding that failure to reinstate police officer while reinstating similarly situated white officers was "separate and distinct" from the termination). Since these acts took place after March 20, 2009, Pacheco's ADEA age discrimination claims are timely.

Pacheco's age discrimination claims under the NYCHRL are also timely. The statute of limitations governing NYCHLR claims is three years, but it is tolled during related EEOC proceedings. N.Y.C. Admin. Code § 8-502(d); *see Lugo v. City of New York*, 518 Fed. Appx. 28,

11

29 (2d Cir. 2013). Here, the alleged discriminatory acts—the hiring of younger employees—took place starting in 2009, and Pacheco's claims were tolled for over two years as a result of his EEOC action. As a result, Pacheco's NYCHRL age discrimination claims fall within the statute of limitations.

## CONCLUSION

Accordingly, the Court DENIES Park South's motion to dismiss.

Dated: New York, New York
January 27, 2014

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge